United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLOS ARMANDO ORTEGA,

       Plaintiff,

  v.

SONIA SMITH, et al.,

       Defendants.

_____/

No. C 11-01003 SBA (PR)

**ORDER OF SERVICE AND
ADDRESSING PLAINTIFF'S
PENDING MOTIONS**

**INTRODUCTION**

Plaintiff, a state prisoner, has filed a <u>pro se</u> civil rights action pursuant to 42 U.S.C. § 1983 alleging that, on September 5, 2007, correctional officers at the Santa Clara County Jail (SCCJ) used excessive force against him and were deliberately indifferent to his serious medical needs.  Plaintiff also raises claims against his public defenders for losing evidence in the form of "pictures with other evidence" relating to the September 5, 2007 incident.  His motion for leave to proceed <u>in forma pauperis</u> has been granted.  He has also filed various pending motions, which will be resolved below.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SCCJ, which is located in this judicial district.  <u>See</u> 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: SCCJ Correctional Officers Robert Barbasa and John Kelly Villagomez as well as Public Defenders Sonia M. Smith and Jessica Delgado.  Plaintiff seeks monetary damages.

**DISCUSSION**

**I.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

1    relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings

2    must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

3         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

4    (1) that a right secured by the Constitution or laws of the United States was violated, and

5    (2) that the alleged violation was committed by a person acting under the color of state law.  West v.

6    Atkins, 487 U.S. 42, 48 (1988).

7    **II.    Legal Claims**

8         **A.    Excessive Force and Deliberate Indifference Claims Against SCCJ Officers**

9         The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial

10   detainee from the use of excessive force that amounts to punishment.  See Graham v. Conner, 490

11   U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979)); see also Gibson v.

12   County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) ("The Due Process clause protects

13   pretrial detainees from the use of excessive force that amounts to punishment . . . Graham therefore

14   explicates the standards applicable to a pretrial detention excessive force claim in this circuit.")

15   (citations omitted).

16        Here, the Court assumes that Plaintiff was a post-arraignment pretrial detainee at the time of

17   the September 5, 2007 incident; therefore, his excessive force and deliberate indifference claims will

18   be analyzed under the Due Process Clause.  Id.

19        The Ninth Circuit has stated the factors a court should consider in resolving a due process

20   claim alleging excessive force.  White v. Roper, 901 F.2d 1501, 1507 (9th Cir. 1990).  These factors

21   are (1) the need for the application of force, (2) the relationship between the need and the amount of

22   force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good

23   faith effort to maintain and restore discipline.  Id.  To determine whether particular restrictions and

24   conditions accompanying pretrial detention amount to punishment, the Court first looks to whether

25   the disability imposed is for the purpose of punishment or whether it is but an incident of some other

26   legitimate governmental purpose.  See Bell, 441 U.S. at 538.  Absent a showing of an express intent

27   to punish, whether a restriction amounts to punishment will generally turn on whether there is an

28   alternative, rational purpose for the restriction, and whether the restriction then appears excessive in

United States District Court
For the Northern District of California

2

relation to that purpose.  See id.  If a restriction or condition is not reasonably related to a legitimate goal, i.e., if it is arbitrary or purposeless, the Court may infer that the purpose of the action is punishment.  See id. at 539.

Plaintiff alleges that on September 5, 2007, he was subjected to excessive force by Defendants Barbasa and Villagomez.  Specifically, Plaintiff alleges that Defendants Barbasa and Villagomez used excessive force while handcuffing him in preparation for a transfer within SCCJ, and that the handcuffs were applied unnecessarily tightly "causing deep cuts [and] bleeding." (Compl. at 3.)  Plaintiff adds that "[w]hile removing [him] from safety cell 8-A main jail to new housing super max cell 221," Defendants Barbasa and Villagomez "punch[ed] [him] in the face while with force letting their feet step[] on his toe's [sic]" causing "[his] toes to bleed and nails to break on two toes."  (Id.)  Plaintiff claims that he sustained the aforementioned injuries as a result of this incident; however, he was "denied medical treatment b[y] Officers and medical staff."  (Id.)

Liberally construed, Plaintiff's complaint states a cognizable Fourteenth Amendment claim against Defendants Barbasa and Villagomez.

Plaintiff's allegations also state a claim for deliberate indifference to his serious medical needs.  Deliberate indifference to serious medical needs violates the Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due process of law.  Board of Regents v. Roth, 408 U.S. 564, 570-71 (1972); Mullins v. Oregon, 57 F.3d 789, 795 (9th Cir. 1995).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  Id. (citing Estelle v. Gamble, 429 U.S. at 104).  A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff states that he suffered from cuts to his wrists and toes, two broken toe nails, and loss

1    of movement to his right wrist for three weeks.  As mentioned above, Plaintiff claims that

2    Defendants refused to provide him with medical treatment for his injuries.

3         In sum, Plaintiff has adequately pled cognizable claims against Defendants Barbasa and

4    Villagomez for the use of excessive force and deliberate indifference to his medical needs.

5         **B.    Claims Against Doe Defendants**

6         As part of his deliberate indifference claim, Plaintiff identifies "medical staff and officers"

7    from SCCJ whose names he intends to learn through discovery.  The use of Doe Defendants is not

8    favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However,

9    where the identity of alleged defendants cannot be known prior to the filing of a complaint the

10   plaintiff should be given an opportunity through discovery to identify them.  Id.  Failure to afford the

11   plaintiff such an opportunity is error.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir.

12   1999).  Accordingly, the claims against the Doe Defendants are DISMISSED from this action

13   without prejudice.  Should Plaintiff learn these Doe Defendants' identities through discovery, he may

14   move to file an amendment to the complaint to add them as named Defendants.  See Brass v. County

15   of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

16        **C.    Claims Against Public Defenders**

17        On September 7, 2007, an employee from the Public Defender's Office took pictures of

18   Plaintiff's injuries stemming from the September 5, 2007 incident; however, these picture and other

19   evidence were lost.  Plaintiff asserts that the actions of his public defenders, Defendants Delgado

20   and Smith -- which led to the loss of his "evidence of picture's [sic], grievances, inmate request

21   forms, statement's [sic] of cases" -- amounted to a violation of his constitutional rights.  However,

22   Plaintiff's claims against Defendants Delgado and Smith are DISMISSED because a defense

23   attorney does not act under color of state law when performing an attorney's traditional functions.

24   Polk County v. Dobson, 454 U.S. 312, 318-19 (1981).  It does not matter that the defense attorney

25   failed to exercise independent judgment; it is the nature and context of the function performed (or

26   omitted) by that attorney that is determinative under Polk County.  Miranda v. Clark County,

27   Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (en banc).

28        Accordingly, Plaintiff fails to state a cognizable claim against Defendants Delgado and Smith

1   under § 1983; therefore, his claims against them are DISMISSED.

2   **III.      Plaintiff's Pending Motions**

3         On September 7, 2011, Plaintiff filed a one-page document entitled, "Request for

4   Appointment of Counsel and Case Management" (docket no. 6).  On April 20, 2012, Plaintiff filed

5   another one-page document entitled, "Motion to Appoint Counsel, Request [for] Counsel for Case

6   Management Conference, Motion for Summary Judgment" (docket no. 11).  There is no further

7   briefing to support any of his requests.

8         Plaintiff's "Motion for Summary Judgment" (docket no. 11) is DENIED as premature and, in

9   addition, it is DENIED because it has been filed without any legal argument or support.

10        The Court construes Plaintiff's "Request for Case Management" to be a request to screen his

11  complaint.  As the Court has screened his complaint above, his "Request for Case Management"

12  (docket no. 6) is GRANTED.

13        In an October 21, 2010 Order denying Plaintiff's prior request for appointment of counsel

14  (docket no. 6), the Court stated as follows:

15               There is no constitutional right to counsel in a civil case unless an indigent
          litigant may lose his physical liberty if he loses the litigation.  See Lassiter v.
16        Dep't of Social Services, 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d
          1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action),
17        withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998)
          (en banc).  The court may ask counsel to represent an indigent litigant under 28
18        U.S.C. § 1915 only in "exceptional circumstances," the determination of which
          requires an evaluation of both (1) the likelihood of success on the merits, and (2)
19        the ability of the plaintiff to articulate his claims pro se in light of the complexity
          of the legal issues involved.  See id. at 1525; Terrell v. Brewer, 935 F.2d 1015,
20        1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.
          1986).  Both of these factors must be viewed together before reaching a decision
21        on a request for counsel under § 1915.  See id.

22               The Court is unable to assess at this time whether exceptional
          circumstances exist which would warrant seeking volunteer counsel to accept a
23        pro bono appointment.  The proceedings are at an early stage and it is premature
          for the Court to determine Plaintiff's likelihood of success on the merits.
24        Moreover, Plaintiff has been able to articulate his claims adequately pro se in
          light of the complexity of the issues involved.  See Agyeman v. Corrections Corp.
25        of America, 390 F.3d 1101, 1103 (9th Cir. 2004).

26   (Oct. 21, 2012 Order at 1-2.)  For the same reasons as above, Plaintiff's second request for

27  appointment of counsel and his "Request [for] Counsel for Case Management Conference" (docket

28  no. 11) at this time are DENIED.  This does not mean, however, that the Court will not consider

United States District Court
For the Northern District of California

appointment of counsel at a later juncture in the proceedings; that is, after Defendants have filed their dispositive motions such that the Court will be in a better position to consider the procedural and substantive matters at issue.  Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed.  If the Court decides that appointment of counsel is warranted at that time, then it can seek volunteer counsel to represent Plaintiff pro bono.

Finally, on April 20, 2012, Plaintiff filed a document entitled, "Motion to Pitition [sic] Court" (docket no. 10).  Plaintiff requests the Court to compel SCCJ staff to "allow[] [him] to take 5 years of research legal documents pertaining to [his] cases" with him "to state prison upon transfer to state prison."  (Apr. 20, 2012 Mot. to Petition Court at 1.)  This motion is DENIED because Plaintiff has not shown a sufficient reason for this Court to interfere in the day-to-day operations of the jail. See Turner v. Safley, 482 U.S. 78, 84-86 (1987); Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations in name of constitution)

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff states cognizable claims for excessive force and deliberate indifference to serious medical needs against Defendants Barbasa and Villagomez.

2.      The claims against the Doe Defendants are DISMISSED without prejudice.

3.      The claims against Defendants Delgado and Smith are DISMISSED for failure to state a cognizable claim under § 1983.

4.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to **SCCJ Correctional Officers Robert Barbasa and John Kelly Villagomez**.  The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the Santa Clara County Counsel's Office.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires

them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

6.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a.      No later than **ninety (90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary

1   judgment.  Generally, summary judgment must be granted when there is no genuine
2   issue of material fact -- that is, if there is no real dispute about any fact that would
    affect the result of your case, the party who asked for summary judgment is entitled
3   to judgment as a matter of law, which will end your case.  When a party you are suing
    makes a motion for summary judgment that is properly supported by declarations (or
4   other sworn testimony), you cannot simply rely on what your complaint says.
    Instead, you must set out specific facts in declarations, depositions, answers to
5   interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict
    the facts shown in the defendant's declarations and documents and show that there is
6   a genuine issue of material fact for trial.  If you do not submit your own evidence in
    opposition, summary judgment, if appropriate, may be entered against you.  If
7   summary judgment is granted [in favor of the defendants], your case will be
    dismissed and there will be no trial.

8   See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

9        Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp.

10  v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with

11  evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is

12  cautioned that because he bears the burden of proving his allegations in this case, he must be

13  prepared to produce evidence in support of those allegations when he files his opposition to

14  Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and

15  other witnesses to the incident, and copies of documents authenticated by sworn declaration.

16  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his

17  complaint.

18          c.      Defendants shall file a reply brief no later than **thirty (30) days** after the date

19  Plaintiff's opposition is filed.

20          d.      The motion shall be deemed submitted as of the date the reply brief is due.

21  No hearing will be held on the motion unless the Court so orders at a later date.

22      7.      Discovery may be taken in this action in accordance with the Federal Rules of Civil

23  Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose

24  Plaintiff and any other necessary witnesses confined in prison.

25      8.      All communications by Plaintiff with the Court must be served on Defendants, or

26  Defendants' counsel once counsel has been designated, by mailing a true copy of the document to

27  Defendants or Defendants' counsel.

28      9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

United States District Court
For the Northern District of California

informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10.     Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

11.     Plaintiff's "Request for Case Management" (docket no. 6), which has been construed as a request to screen his complaint, is GRANTED.

12.     Plaintiff's second request for appointment of counsel and his "Request [for] Counsel for Case Management Conference" (docket no. 11) are DENIED.

13.     Plaintiff's "Motion to Pitition [sic] Court" (docket no. 10) is DENIED.

14.     This Order terminates Docket nos. 6, 10 and 11.

IT IS SO ORDERED.

DATED:     6/20/12

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

1

2

3

4

5  UNITED STATES DISTRICT COURT
   FOR THE
6  NORTHERN DISTRICT OF CALIFORNIA

7  CARLOS ARMANDO ORTEGA,

                                    Case Number: CV11-01003 SBA
8            Plaintiff,
                                    **CERTIFICATE OF SERVICE**
9      v.

10  SONIA M SMITH et al,

11           Defendant.
                                                   /
12  _____

13  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.
14
    That on June 21, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said
15  copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
    envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
16  located in the Clerk's office.

17

18
    Carlos Armando Ortega #09071890
19  Santa Clara County Jail
    885 N. San Pedro Street
20  San Jose,  CA 95110

21  Dated: June 21, 2012

                                    Richard W. Wieking, Clerk
22                                  By: Lisa Clark, Deputy Clerk

23

24

25

26

27

28

G:\PRO-SE\SBA\CR.11\Ortega1003.service.frm          10