United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ARMANDO ORTEGA,<br><br>  Plaintiff,<br><br>v.<br><br>ROBERT BARBASA, et al.,<br><br>  Defendants. | No. C 11-1003 SBA (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; GRANTING THEIR MOTION TO DISMISS ALL CLAIMS AS UNEXHAUSTED; AND TERMINATING AS MOOT PLAINTIFF'S REMAINING MOTIONS**<br><br>(Docket nos. 22, 23, 26, 29, 33, 41, 43) |

On March 3, 2011, Plaintiff Carlos Armando Ortega, an inmate at the Santa Clara County Jail ("SCCJ"), filed this pro se civil rights action under 42 U.S.C. § 1983 alleging that his rights under the Due Process Clause of the Fourteenth Amendment were violated.[1] He claims that on September 5, 2007, SCCJ officers used excessive force against him and were deliberately indifferent to his serious medical needs while he was a post-arraignment pretrial detainee. Plaintiff seeks monetary damages. The Court found cognizable Plaintiff's due process claims stemming from the aforementioned incident against Defendants SCCJ Correctional Officers Robert Barbasa and J. Villagomez. (Docket no. 12.) Defendants filed an answer to the Complaint. (Docket no. 18.)

Before the Court is Defendants' motion for summary judgment under Federal Rule of Civil Procedure 56, which alleges that Plaintiff's claim is time-barred. Alternatively, Defendants bring an unenumerated motion under Rule 12(b) for failure to exhaust administrative remedies under the

---

[1] The Due Process Clause protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. See Graham v. Conner, 490 U.S. 386, 395 n.10 (1989). Similarly, a pretrial detainee's claim for deliberate indifference to medical needs derives from the Due Process Clause rather than the Eighth Amendment's protection against cruel and unusual punishment. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)).

Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a).[2]  Plaintiff has filed an opposition, and Defendants have filed a reply.  Plaintiff has also filed a sur-reply.

For the reasons discussed below, the Court DENIES Defendants' motion for summary judgment, and GRANTS Defendants' alternative motion to dismiss.  Plaintiff has also filed various pending motions, including a motion for default judgment, which the Court DENIES below.  Plaintiff's remaining motions are terminated as moot.

**DISCUSSION**

**I.  Plaintiff's Motion for Default Judgment**

Plaintiff requests the Court to enter a default judgment against Defendants.  However, a default judgment cannot be entered unless there is first a default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.[3]  No such default has been requested or entered in this case.  Accordingly, Plaintiff's motion for default judgment (docket no. 23) is DENIED.

**II.  Motion for Summary Judgment**

**A.  Legal Standard**

Under Rule 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. Proc. 56(a)(1); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial.  See Celotex Corp. v. Catrett, 477 U.S.

---

[2] In their motion, Defendants indicate that the "alleged excessive force occurred on September 5 and 30, 2007." (Mot. to Dismiss at 5.) However, in its June 20, 2012 Order, the Court found cognizable due process claims against Defendants stemming only from the alleged use of excessive force on September 5, 2007. (June 20, 2012 Order at 2-4.) Therefore, the Court does not address Defendants' arguments as to the September 30, 2007 incident because it did not find any cognizable due process claims stemming from that incident.

[3] There is a distinction between a "default," which ordinarily is entered by the Clerk of the Court pursuant to Rule 55(a), although it may be ordered by the Court, Breur Elec. Mfg. v. Toronado Systems, 687 F.2d 182, 185 (7th Cir. 1982), and a "default judgment," which is entered by the Court pursuant to Rule 55(b).

2

317, 324 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting in part Scott v. Harris, 550 U.S. 372, 380 (2007)).

**B.     Analysis**

As mentioned above, Defendants' motion for summary judgment alleges that Plaintiff's claim is time-barred. Specifically, they argue that Plaintiff failed to file this action within the statute of limitations.

In section 1983 actions, federal courts borrow the forum state's statute of limitations applicable to personal injury claims. See TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999). In California, personal injury claims that accrued after January 1, 2003 are subject to a two-year statute of limitations. Cal. Code Civ. Proc. Code 335.1; Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd., 509 F.3d 1020, 1026 (9th Cir. 2007). Federal law determines when a cause of action accrues and when the statute begins to run in an action under 42 U.S.C. § 1983. Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. See id. at 802. Here, Plaintiff's cause of action accrued no later than September 5, 2007.

In their motion, Defendants apply the aforementioned two-year statute of limitations period; however, they do not address the tolling provision applicable to this action due to Plaintiff's incarceration. A federal court must give effect to a state's tolling provisions. See Hardin v. Straub, 490 U.S. 536, 543-44 (1989); Marks v. Parra, 785 F.2d 1419, 1419-20 (9th Cir. 1986). In California, this includes tolling the statute of limitations during imprisonment and while criminal charges are pending. The statute of limitations begins to run immediately after the recognized disability period ends. See Cabrera v. City of Huntington Park, 159 F.3d 374, 378-79 (9th Cir. 1998) (following California Law). Incarceration of the plaintiff is a disability that tolls the statute for a maximum of two years, if the plaintiff is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1(a). The imprisonment

tolling provision applies here.  Plaintiff is entitled to tolling of the statute for two years based on his confinement at SCCJ, and, thus, his deadline to file suit was no later than September 5, 2011.  Plaintiff filed the instant action on March 3, 2011 -- six months prior to the deadline.  Defendants have provided no reason why the tolling statute should not apply here.  Therefore, the Court finds that Plaintiff's claims are not untimely.

Accordingly, the Court DENIES Defendants' summary judgment motion (docket no. 49).

### III. Motion to Dismiss for Failure to Exhaust Administrative Remedies

Defendants argue, in the alternative, that Plaintiff's claims should be dismissed with prejudice because he failed to appropriately exhaust all his available administrative remedies.  Specifically, Defendants argue that Plaintiff failed to comply with the PLRA prior to filing suit.  In his opposition, Plaintiff claims that he "did meet [the] requirements prescribbed [sic] by [the Department of Correction ("DOC")] Rule book on issues of grievances . . . ."  (Opp'n at 4.)

#### A. Legal Standard

##### 1. Unenumerated Rule 12(b) Motion

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly brought as unenumerated Rule 12(b) motion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  Id. at 1119-20.  Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is "a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record.  Id. at 1120 n.14.  Nonexhaustion is an affirmative defense which must be raised and proved by the defendants.  Id. at 1119.  If the court concludes administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice.  Id. at 1120.

##### 2. Exhaustion under the PLRA

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

4

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding the conditions of their confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 739-40 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Booth, 532 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 739.[4]

The PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 84.

Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to appeal and have resolved grievances relating to their confinement. Pursuant to Section 1073, Santa Clara County has established grievance procedures for inmates at SCCJ.

---

[4] That the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

(Inmate Orientation and Rule Book at 8-9.)[5]  An inmate may grieve "any condition of confinement over which the [DOC] has control" by first raising the complaint informally with the Officer in charge of the inmate's housing unit.  (Id. at 8.)  If the grievance is not resolved, the inmate may then complete an "Inmate Grievance Form" and submit it to any Officer.  (Id.)  If the Officer cannot resolve the grievance, it is forwarded to the Sergeant; if the Sergeant cannot resolve it, to the Watch Commander, who will "determine the appropriate actions to take and ensure [the inmate] receive[s] a written response."  (Id.)  Finally, an inmate may then appeal the Watch Commander's decision by writing a letter to the Division Commander of the facility where the inmate is housed.  (Id.)  The Division Commander will "either affirm or reverse the decision and will give you a written response."  (Id. at 9.)  If the inmate prefers to "correspond confidentially" with the Chief of Correction instead of the Division Commander, the inmate may do so, and he will receive a "written response."  (Id.)  The addresses of the Division Commander and Chief of Correction are listed under the "Grievance Procedure" section of the jail's Inmate Orientation and Rule Book.  (Id.)

### B.   Factual Summary Relating to Exhaustion

During the time period at issue -- from the September 5, 2007 incident through March 3, 2011, the date he filed the instant action -- Plaintiff filed approximately twenty-nine grievances concerning issues ranging from medical complaints to complaints about non-medical issues, including: inmate mail, clothing exchange, personal property, water quality, visitation, a broken television, a malfunctioning cell door, housing in segregation, temperature, special diet, grooming needs, photocopy services, and a DOC officer violating privacy by opening cell door.  (Opp'n, Ex. B, DeLara Decl. ¶ 5; DeLara Decl. in Case No. C 09-5527 SBA (PR) ¶ 5.)

In support of the instant motion to dismiss, Defendants have attached fourteen of the aforementioned twenty-nine grievances (grievance forms filed by Plaintiff from September 2007 through October 2009) as Exhibit B to the declaration of Officer Sabina DeLara, the Administrative Support Officer in charge of "maintaining all written grievances inmates submit to the DOC." (DeLara Decl. ¶ 2; Ex. B at 1-14.)  In order to "protect [Plaintiff's] right to medical confidentiality,"

---

[5] Defendants have attached a copy of SCCJ's grievance procedures, which are included in the jail's Inmate Orientation and Rule Book.  (DeLara Decl., Ex. A.)

6

1  Officer DeLara did not attach the three grievances concerning Plaintiff's medical complaints about
2  his "prescription medications for conditions unrelated to physical injuries, submitted on October 13,
3  2007, August 13, 2008, and May 5, 2009." (Id. ¶ 5.)

4      The Court also takes judicial notice of eleven of the aforementioned twenty-nine grievances,
5  which are attached as exhibits to Officer DeLara's declaration filed in Plaintiff's other pending
6  action, Ortega v. City of Santa Clara, Case No. C 09-5527 SBA (PR), to the extent they are relevant
7  to the instant motion to dismiss. (DeLara Decl. in Case No. C 09-5527 SBA (PR), Ex. B at 29-39.)
8  Defendants in Plaintiff's other pending action, Case No. C 09-5527 SBA (PR), are represented by
9  Acting County Counsel Lori E. Pegg, the same attorney who is representing Defendants in the
10 instant action. Attorney Pegg has also filed a disposition motion -- which includes a motion to
11 dismiss for failure to exhaust -- in Case No. C 09-5527 SBA (PR). Attached to Officer DeLara's
12 declaration in support of that dispositive motion is an exhibit with a total of forty-two inmate
13 grievance forms, which were filed beginning in March 2007 through June 2012. The eleven relevant
14 inmate grievance forms were filed from December 2009 through the date the instant action was filed
15 on March 3, 2011. Because the parties have access to the exhibits in support of the dispositive
16 motions in both cases, the Court finds that it is not necessary to have Attorney Pegg supplement the
17 record in this action with the aforementioned eleven relevant inmate grievance forms.
18

19     Defendants in the instant case have also attached a declaration by Captain David Sepulveda,
20 who served as Division Commander beginning October 2006 through February 2010. (Sepulveda
21 Decl. ¶ 3.) Captain Sepulveda states that all letters of appeal to the Division Commander and Chief
22 of Correction are "placed and maintained in a DOC file designated for that inmate." (Id. ¶ 3.)
23 Division Commander Sepulveda claims that he reviewed Plaintiff's DOC file and states that "it is
24 devoid of any written correspondence to [him] or any subsequent Division Commander requesting
25 an appeal of any grievance determination pertaining to alleged excessive force on September 5, 2007
26 or any subsequent denied, delayed, or otherwise improper medical treatment . . . ." (Id. ¶¶ 2, 4.)

27     Meanwhile, Plaintiff has attached a total of four grievance forms to his opposition. (Opp'n,
28 Ex. B.) However, three of the four grievance forms are not relevant because they relate to incidents

7

1 in July and August 2007, which are prior to the September 5, 2007 incident at issue.  The Court finds
2 that the remaining grievance form attached to Plaintiff's opposition (dated January 1, 2010) was filed
3 during the time period relevant to the instant motion to dismiss and, thus, it is included in the
4 twenty-nine grievances mentioned above.  (Opp'n, Ex. B.)

### C. **Analysis**

Pursuant to Section 1073, the burden is on the inmate to appeal grievances to the Division Commander.  Here, Plaintiff failed to comply with Section 1073 because he did not initiate or pursue to the Division Commander's level a grievance relating to the September 5, 2007 incident at issue.

Plaintiff had constructive knowledge of the grievance procedure embodied in Section 1073 because the Inmate Orientation and Rule Book containing this procedure is "provided to each inmate when they exchange their civilian clothes for inmate clothes." (DeLara Decl. ¶ 3.)  As mentioned above, Plaintiff claims in his opposition that he met the requirements of the grievance procedure.  (Opp'n at 4.)  However, the exhibits attached to Plaintiff's opposition and sur-reply fail to support this claim.  In fact, his supporting documents do not include any evidence that Plaintiff either initiated or fully exhausted any grievances relating to the alleged acts of excessive force or deliberate indifference to his serious medical needs in September 2007.

Furthermore, Plaintiff had actual knowledge of the grievance procedure because he filed twenty-nine grievances during the relevant time frame -- from September 5, 2007 through March 3, 2011.  The Court has reviewed the twenty-nine grievances, and finds that none of them pertains to the September 5, 2007 incident at issue.  However, even if Plaintiff included the relevant claims now at issue in any of these grievances, his claims would still be unexhausted because one was abandoned at the Officer's level of review and the other twenty-eight were abandoned at the Watch Commander's level of review, which is labeled on the form as the "Facility" Commander's level of review.  As explained above, it is the Watch Commander who determines the appropriate actions to take and ensures that the inmate receives a written response.  Because the "Facility" Commander's level of review is the last one -- directly above the "Response Returned to Inmate" section -- on the

form, the Court finds that it is equivalent to the Watch Commander's level of review. In order to properly appeal, Plaintiff needed to appeal the Watch Commander's decision by writing a letter to the Division Commander or the Chief of Correction. However, there is nothing in the record that indicates that Plaintiff did so. In fact, Division Commander Sepulveda states that Plaintiff's DOC file does not contain any letters of appeal relating to the September 5, 2007 incident addressed to him or any subsequent Division Commander.

As mentioned above, the Court finds unavailing Plaintiff's claim that he met the requirements of the grievance procedure. Plaintiff has attached various letters to his opposition and sur-reply to support his claim; however, none of the letters is addressed to either the Division Commander or the Chief of Correction. Plaintiff appears to construe his duty to exhaust as being discharged upon filing other forms and letters, including complaints to the DOC's Internal Affairs Unit and "Inmate/Parolee Appeal Forms" to the California Department of Corrections and Rehabilitation. Plaintiff's construction of the procedure is incorrect. As explained above, it is Plaintiff's responsibility to complete "Inmate Grievance Forms" and pursue his grievances to the Division Commander's level by writing a letter to either the Division Commander or the Chief of Correction. (Inmate Orientation and Rule Book at 9.)

In sum, the record in this case demonstrates that Plaintiff had the opportunity and ability to properly exhaust, but failed to do so. Plaintiff has had previous experience with the grievance procedure at SCCJ. Plaintiff filed multiple grievances pertaining to a vast range of issues. Beyond his practical experience with SCCJ's grievance policies and procedures, Plaintiff, like all SCCJ inmates, was given constructive notice of the proper method of exhaustion under Section 1073 as the policy was included in the Inmate Orientation and Rule Book given to all inmates. Furthermore, while Plaintiff claims that he met the requirements of the grievance procedure, the evidence before the Court proves otherwise. Plaintiff has failed to exhaust his administrative remedies; thus, his claims are DISMISSED as unexhausted.

Accordingly, the Court GRANTS Defendants' alternative motion to dismiss for failure to exhaust administrative remedies (docket no. 49). However, Defendants' request that the claims be

dismissed with prejudice is DENIED.  The proper course in claims that are dismissed due to failure to exhaust administrative remedies is dismissal without prejudice to refiling.  McKinney v. Carey, 311 F.3d 1198, 1200-1201 (9th Cir. 2002).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for default judgment (docket no. 23) is DENIED.

2. Defendants' motion for summary judgment is DENIED, and their alternative motion to dismiss (docket no. 49) is GRANTED.  Plaintiff's claims are DISMISSED without prejudice to refiling after exhausting California's prison administrative process.  See id.

3. The Clerk shall terminate as moot all of Plaintiff's remaining pending motions, including his motion for discovery, motion for extension of time to file response to answer, motion for appointment of counsel, motion for attorney's fees, motion for settlement offer (docket nos. 22, 26, 33, 41, 43).

4. The Clerk shall enter judgment and close the file.

5. This Order terminates Docket nos. 22, 23, 26, 29, 33, 41, and 43.

IT IS SO ORDERED.

DATED:  9/17/2013

SAUNDRA BROWN ARMSTRONG
United States District Judge