UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CARLOS ARMANDO ORTEGA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBERT BARBASA, et al.,<br><br>　　　　　Defendants. | Case No: C 11-1003 SBA (pr)<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |

On September 17, 2013, the Court dismissed Plaintiff Carlos Armando Ortega's pro se civil rights action for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Plaintiff has since filed a motion for reconsideration, a Notice of Appeal, and a motion to proceed in forma pauperis on appeal. Dkt. 52, 53, 55. As will be set forth below, the Court directs Defendants to file a response to the motion for reconsideration. The remaining matters will be held in abeyance pending the submission of the additional briefs.

I. **BACKGROUND**

On March 3, 2011, Plaintiff, an inmate at the Santa Clara County Jail ("SCCJ"), filed this pro se civil rights action under 42 U.S.C. § 1983 alleging claims for excessive force and deliberate indifference to serious medical needs.

On September 17, 2013, the Court issued its Order Denying Plaintiff's Motion for Default Judgment; Denying Defendants' Motion for Summary Judgment; Granting Their Motion to Dismiss All Claims as Unexhausted; and Terminating as Moot Plaintiff's Remaining Motions. Dkt. 50. The Court concluded, inter alia, that Plaintiff had failed to

exhaust administrative remedies as required by the PLRA, and therefore, his claims were not properly before the Court.  The Court dismissed the action without prejudice.

On October 4, 2013, Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 60(b) for the Court to reconsider its September 17 order dismissing the Complaint without prejudice.  Dkt. 52.  On October 15, 2013, Plaintiff filed a Notice of Appeal from the Court's September 17 Order.  Dkt. 53.  He contemporaneously filed a motion for leave to proceed in forma pauperis on appeal.  Dkt. 55.

The motion to reconsider was filed before the Notice of Appeal, and thus is timely. See Fed. R. Civ. P. 60(b).  The appeal thus does not become effective until the motion to reconsider is ruled upon.  See Fed. R. App. P. 4(a)(4).  Accordingly, this Court will first consider Plaintiff's pending Rule 60(b) motion prior to making a determination as to whether Plaintiff's in forma pauperis status should continue for his appeal.

## II.     DISCUSSION

Where a district court's ruling has resulted in a final judgment or order, a motion for reconsideration may be filed under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).  Rule 60(b) provides a mechanism for the parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. Jeff D. v. Kempthorne, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).  "Although the application of Rule 60(b) is committed to the discretion of the district courts . . . , as a general matter, Rule 60(b) is remedial in nature and must be liberally applied."  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal quotation marks and ellipsis omitted).

1    In adjudicating Defendants' motion to dismiss for failure to exhaust administrative
2 remedies, the Court considered twenty-nine grievances identified by Plaintiff.  These
3 grievances raised a plethora of complaints regarding medical and non-medical issues,
4 including inmate mail, clothing exchange, personal property, water quality, visitation, a
5 broken television, a malfunctioning cell door, housing in segregation, temperature, special
6 diet, grooming needs, photocopy services, and a correctional officer violating privacy by
7 opening cell door.
8    In their motion, Defendants argued that Plaintiff's claims were not fully exhausted
9 and were thus not properly before the Court.  The PLRA provides that "[n]o action shall be
10 brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal
11 law, by a prisoner confined in any jail, prison, or other correctional facility until such
12 administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The PLRA
13 requires the inmate to exhaust every level in the administrative process.  See McKinney v.
14 Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  Exhaustion is a prerequisite to the inmate's
15 filing of a lawsuit.  See Porter v. Nussle, 534 U.S. 516, 524 (2002).
16    Section 1073 of Title 15 of the California Code of Regulations affords county jail
17 inmates a right to appeal and have resolved grievances relating to their confinement.
18 Pursuant to section 1073, Santa Clara County has established grievance procedures for
19 inmates at SCCJ.  See SCCJ Inmate Orientation and Rule Book at 8-9.  An inmate may
20 grieve "any condition of confinement over which the Department of Correction has
21 control" by first raising the complaint informally with the Officer in charge of the inmate's
22 housing unit.  Id. at 8.  If the grievance is not resolved, the inmate may then complete an
23 "Inmate Grievance Form" which may be submitted to any Officer.  Id.  If the Officer is
24 unable to resolve the grievance, it is forwarded to the Sergeant; if the Sergeant cannot
25 resolve it, the grievance is referred to the Watch Commander, who will "determine the
26 appropriate actions to take and ensure [the inmate] receive[s] a written response."  Id.
27 Finally, an inmate may then appeal the Watch Commander's decision by writing a letter to
28 the Division Commander of the facility where the inmate is housed.  Id.  The Division

1  Commander may "either affirm or reverse the decision and will give [the inmate] a written
2  response." Id. at 9.  If the inmate prefers to "correspond confidentially" with the Chief of
3  Correction instead of the Division Commander, the inmate may do so, and he will receive a
4  "written response." Id.  The addresses of the Division Commander and Chief of Correction
5  are listed under the "Grievance Procedure" section of the jail's Inmate Orientation and Rule
6  Book.  Id.

7  In this case, the Court noted that while Plaintiff filed multiple grievances pertaining
8  to a vast range of issues, he nonetheless was required to have appealed the Watch
9  Commander's decision by writing a letter to the Division Commander or the Chief of
10 Correction in order to properly exhaust his claims.  The Court found that nothing in the
11 record demonstrated that Plaintiff had done so.  To the contrary, Division Commander
12 David Sepulveda declared that Plaintiff's Department of Correction file does not contain
13 any letters of appeal addressed to him or any subsequent Division Commander relating to
14 the claims alleged in this action.  The Court also noted that Plaintiff had claimed, in a
15 conclusory manner, that he had exhausted his administrative remedies regarding his claims
16 by filing other forms and letters, including complaints to the DOC's Internal Affairs Unit as
17 well as "Inmate/Parolee Appeal Forms" to the California Department of Corrections and
18 Rehabilitation.

19 The Court, however, found unavailing Plaintiff's claim that he satisfied the
20 requirements of the grievance procedure by submitting the aforementioned forms and
21 letters, given that none of them was addressed to either the Division Commander or the
22 Chief of Correction.  As discussed, it is Plaintiff's responsibility to complete "Inmate
23 Grievance Forms" and to pursue his grievances to the Division Commander's level by
24 writing a letter to either the Division Commander or the Chief of Correction.  See SCCJ
25 Inmate Orientation and Rule Book at 9.  "The PLRA requires *proper* exhaustion of
26 administrative remedies."  Sept. 17, 2013 Order at 5 (citing Woodford v. Ngo, 548 U.S. 81,
27 83, (2006)) (emphasis in original).  In granting Defendants' motion to dismiss, the Court
28 concluded that "the record in this case demonstrates that Plaintiff had the opportunity and

1  ability to properly exhaust, but failed to do so." Id. at 9.  Therefore, Plaintiff's claims were
2  dismissed as unexhausted—meaning that Plaintiff is free to refile his lawsuit after fully and
3  properly exhausting his administrative remedies.
4      In the instant motion for reconsideration, Plaintiff contends that the Court erred in
5  dismissing his claims as unexhausted on the grounds that he was successful in his efforts to
6  exhaust these claims.  Again, Plaintiff makes a conclusory allegation that the SCCJ Inmate
7  Orientation and Rule Book provided more appeal options beyond the aforementioned
8  grievance procedure.  Plaintiff has attached to the instant motion for reconsideration two
9  pages labeled "4" and "5" with the title, "Sexual Harassment is Prohibited."  Mot. for
10 Recons. at 5-6.  However, there is nothing indicating that these pages are from the SCCJ
11 Inmate Orientation and Rule Book.
12     Plaintiff also refers to the evidence presented in support of and in opposition to
13 Defendants' earlier motion to dismiss.  The Court notes that such evidence was quite
14 voluminous.  In addition, Plaintiff's present motion for reconsideration, including
15 attachments, totals forty-eight pages.  It is not the Court's role to sift through the record to
16 attempt to locate the specific pages of the SCCJ Inmate Orientation and Rule Book that
17 Plaintiff claims warrant reconsideration.  See Bias v. Moynihan, 508 F.3d 1212, 1219 (9th
18 Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for pro se
19 litigants."); Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) (noting
20 that the court is not obligated to consider matters not specifically brought to its attention).
21 In addition, the Court notes that Defendants previously attached pages eight and nine of the
22 SCCJ Inmate Orientation and Rule Book as Exhibit A to the declaration of Sabina DeLara,
23 and that these pages specifically referred to the "Grievance Procedure" at SCCJ.  As such,
24 it is highly questionable whether there is another section in the SCCJ Inmate Orientation
25 and Rule Book relating to grievances which recites *additional* options to exhaust
26 administrative grievances.  Nonetheless, based on the record presented, the Court is unable
27 to render an informed decision on this issue without first having the opportunity to review
28 accurate copies of pages four and five of the aforementioned publication.

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. By no later than **fourteen (14) days** from the date this Order is filed, Defendants shall file and serve their response to Plaintiff's motion for reconsideration.

2. If Plaintiff wishes to file a reply brief, he shall do so no later than **fourteen (14) days** after the date Defendants' response is filed.

3. The motion for reconsideration shall be deemed submitted as of the date the reply brief is due. The Court will hold Plaintiff's motion to proceed in forma pauperis on appeal, until after the motion for reconsideration is resolved.

4. Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk is directed to provide notice of this Order to the Ninth Circuit Court of Appeals and to the parties.

IT IS SO ORDERED.

Dated: October 31, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge