UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CARLOS ARMANDO ORTEGA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BARBASA, et al.,<br><br>Defendants. | Case No. C 11-1003 SBA (PR)<br><br>App. Ct. No. 13-17074<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, DENYING HIS MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL. AND REVOKING FORMA PAUPERIS STATUS**<br><br>Dkt. 52, 55 |

The Court previously dismissed this pro se prisoner action based on Plaintiff's failure to exhaust administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). The parties are now before the Court on Plaintiff's motion for reconsideration under Federal Rule of Civil Procedure 60(b), and motion for leave to proceed in forma pauperis ("IFP") on appeal. Dkt. 52, 55. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES both of Plaintiff's motions. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

On March 3, 2011, Plaintiff, an inmate at the Santa Clara County Jail ("SCCJ"), filed this pro se civil rights action under 42 U.S.C. § 1983 alleging claims for excessive force and deliberate indifference to serious medical needs. Defendants moved to dismiss the action on the grounds that Plaintiff had failed to exhaust his administrative remedies prior to filing suit, as required by the PLRA. Dkt. 29. The Court granted the motion and dismissed the action without prejudice. Dkt. 50.

In the course of analyzing whether Plaintiff had properly exhausted his administrative remedies, the Court considered twenty-nine grievances identified by Plaintiff. After delving into a detailed account of the facts, the Court ultimately determined that they established that Plaintiff had failed to exhaust the jail's administrative grievance procedure (as set forth on pages 8 and 9 in the SCCJ Inmate Orientation and Rule Book). Id. at 5-6 (citing Delara Decl. Ex. A (SCCJ Inmate Orientation and Rule Book) at 9). Specifically, the Court noted that while Plaintiff had filed multiple grievances pertaining to a vast range of issues, he had nonetheless failed to fully exhaust by pursuing his appeal to the highest level of review by writing a letter to the Division Commander or the Chief of Correction. As the Court explained in its ruling on the motion to dismiss, the PLRA "requires *proper* exhaustion of administrative remedies." Id. at 5 (citing Woodford v. Ngo, 548 U.S. 81, 83, (2006)) (emphasis in original). The Court concluded that "the record in this case demonstrates that Plaintiff had the opportunity and ability to properly exhaust, but failed to do so." Id. at 8. Therefore, Plaintiff's claims were dismissed as unexhausted. However, consistent with controlling authority, the dismissal was without prejudice to refile his lawsuit after fully and properly exhausting his administrative remedies. Id. at 10.[1]

---

[1] Subsequent to the Court's ruling, Plaintiff filed the instant motion for reconsideration and then a notice of appeal. Dkt. 52, 53. The appeal does not become effective until the motion for reconsideration is adjudicated. See Fed. R. App. P. 4(a)(4).

## II. LEGAL STANDARD

Where a district court's ruling has resulted in a final judgment or order, a motion for reconsideration may be filed under Rule 60(b) of the Federal Rules of Civil Procedure.[2] Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993). "Mistake" as used in Rule 60(b)(1) includes factual errors by the the court. Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999).

Rule 60(b) provides a mechanism for the parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. Jeff D. v. Kempthorne, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)). "Although the application of Rule 60(b) is committed to the discretion of the district courts . . . , as a general matter, Rule 60(b) is remedial in nature and must be liberally applied." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal quotation marks and ellipsis omitted). That being said, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir. 1994).

---

[2] In his motion for reconsideration, Plaintiff asks the Court to set aside its September 17, 2013 judgment pursuant to Federal Rule of Civil Procedure 60(a). Dkt. 52 at 2. Rule 60(a) provides for relief from a judgment or order based on a clerical mistake, oversight or omission. However, there was no such clerical error here, and therefore, Rule 60(a) is inapposite. Instead, the Court liberally construes Plaintiff's motion for reconsideration as a motion for relief from its September 17, 2013 judgment pursuant to Rule 60(b).

3

## III. DISCUSSION

### A. MOTION FOR RECONSIDERATION

Plaintiff contends that the Court erred in dismissing his claims without considering certain facts showing that he actually exhausted his administrative remedies prior to filing the instant federal action. As noted, in adjudicating Defendants' motion to dismiss, the Court referred to pages 8 and 9 of the SCCJ Inmate Orientation and Rule Book, which establishes the grievance process for "any condition of confinement." DeLara Decl., Ex. A, Dkt. 31-1. Plaintiff contends that the Court should also have considered pages 4 and 5 in the SCCJ Inmate Orientation and Rule Book, which allegedly provided Plaintiff with eight *additional* options to exhaust his administrative remedies. Mot. for Recons. at 3. In addition, Plaintiff claims that he fully exhausted his claims by utilizing such options.

The Court has reviewed pages 4 and 5 in the SCCJ Inmate Orientation and Rule Book and finds that they do not provide additional means for exhausting jail grievances.[3] Rather, the policy expressed in those pages specifically pertains to claims of sexual harassment. This section, which is entitled "SEXUAL HARASSMENT IS PROHIBITED," begins by identifying four prohibited acts that constitute sexual harassment by Department of Correction employees. Sabina Decl., Ex. A, Dkt. 62-1. Thereafter, the policy instructs that "YOU MAY REPORT ANY VIOLATION OF THESE RULES OR ANY OTHER SEXUAL HARASSMENT" by calling or writing to various individuals (such as the Main Jail Complex Commander) or various offices (such as the Department of Corrections Internal Affairs Office). Id. A total of eight separate persons or offices to contact are listed. Notably, there is nothing in the policy that even remotely suggests that any of the eight means of reporting sexual harassment may be used as an alternative means of appealing a jail grievance. Thus, whether or not Plaintiff attempted to utilize these particular procedures to exhaust his grievances is inapposite

---

[3] Authenticated copies of excerpts of the SCCJ Inmate Orientation and Rule Book were provided by Defendants along with their brief in their response to Plaintiff's motion for reconsideration. Sabina Decl., Ex. A, Dkt. 62-1.

1  because the PLRA demands *proper* exhaustion of his administrative remedies.  See
2  Woodford, 548 U.S. at 83.
3      In sum, attempting to exhaust grievances using the procedures specific to sexual
4  harassment complaints is not proper exhaustion.  As noted, to properly exhaust his claims,
5  Plaintiff was required to have completed "Inmate Grievance Forms" and pursue his
6  grievances to the Division Commander's level by writing a letter to either the Division
7  Commander or the Chief of Correction.  See Inmate Orientation and Rule Book at 9.  It is
8  undisputed that he failed to do so.  Thus, the Court correctly dismissed Plaintiff's claims
9  upon determining that he failed to comport with the requirements of the SCCJ's grievance
10 procedures, as contained in pages 8 and 9 of the Inmate Orientation and Rule Book.
11 Plaintiff's motion for reconsideration is therefore DENIED.
12      B.   **MOTION FOR LEAVE TO PROCEED IFP ON APPEAL**
13     A litigant who was previously permitted to proceed IFP may maintain such status
14 on appeal unless the district court certifies that the appeal is not taken in good faith or finds
15 that the party is not otherwise entitled to proceed IFP.  Fed. R. App. P. 24(a)(3)(A).
16 Similarly, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken [IFP] if the
17 trial court certifies in writing that it is not taken in good faith."  For purposes of section
18 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  Neitzke v.
19 Williams, 490 U.S. 319, 325, 327 (1989); Gardner v. Pogue, 558 F.2d 548, 550 (9th Cir.
20 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not
21 be frivolous).
22     As explained above, the Court concluded in its September 17, 2013 Order that
23 Plaintiff had failed to exhaust administrative remedies as required by the PLRA, and
24 therefore, his claims were not properly before the Court.  The Court dismissed the action
25 without prejudice.  Having reviewed the record in this action and for the same reasons it
26 has denied Plaintiff's motion for reconsideration, the Court finds that any IFP appeal from
27 its September 17, 2013 dismissal order would not be in "good faith" under § 1915(a)(3).
28 Accordingly, the Court CERTIFIES that any IFP appeal from that Order would not be

taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).  Therefore, Plaintiff's IFP status is hereby REVOKED and his motion to proceed IFP on appeal is DENIED.

### IV.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for reconsideration and motion for leave to proceed IFP on appeal are DENIED.

2. The Court CERTIFIES that any IFP appeal from the Court's September 17, 2013, dismissal order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3), and therefore, Plaintiff's IFP status is hereby REVOKED.

3. The Clerk of the Court shall notify Plaintiff and the Court of Appeals of this Order.  See Fed. R. App. P. 24(a)(4).

4. Plaintiff may file a motion for leave to proceed IFP on appeal in the Court of Appeals within thirty (30) days after service of notice of this Order.  See Fed. R. App. P. 24(a)(5).  Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action."  Id.

3. This Order terminates Docket Nos. 52 and 55.

**IT IS SO ORDERED.**

Dated: 1/31/14

                                          _____
                                          SAUNDRA BROWN ARMSTRONG
                                          United States District Judge

G:\PRO-SE\SBA\CR.11\Ortega1003.DENYrecons.docx